IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 17-cv-01833-PAB

RANDY PHIPPS,

      Applicant,

v.

RICK RAEMISCH, Director of the Colorado Department of Corrections,
MICHAEL MILLER, Warden of C.C.C.F., and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

## ORDER TO DISMISS IN PART AND
## FOR ANSWER AND STATE COURT RECORD

---

      Applicant Randy Phipps is a state prisoner in the custody of the Colorado

Department of Corrections.  Applicant has filed *pro se* an Application for a Writ of

Habeas Corpus Pursuant to 28 U.S.C. § 2254 [Docket No. 14] challenging the validity of

his judgment of conviction in Jefferson County District Court Case No. 11CR961.  At the

Court's instruction, Respondents filed a Pre-Answer Response [Docket No. 20] raising

the affirmative defense of exhaustion of state court remedies.  Applicant submitted a

Reply [Docket No. 24] and a Motion to Supplement His Reply [Docket No. 25].

      The Court must liberally construe Applicant's pleadings because he is not

represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.

Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an

advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated

below, the Court will dismiss the Application in part.

**I.     BACKGROUND**

Applicant pleaded guilty to sexual assault on a child by a person in position of trust and as part of a pattern of sexual abuse, and was sentenced to an indeterminate prison term of seventeen years to life. Docket No. 20-1 at 6-7. He did not appeal.

In 2014, Applicant filed a motion for postconviction relief under Colo. Crim. P. Rule 35(c) asserting ineffective assistance of counsel ("IAC") claims. *Id.* at 4; Docket No. 24 at 20-94. The trial court denied the motion on April 8, 2015. Docket No. 20-1 at 3; Docket No. 20-8 at 2-11. On appeal, the Colorado Court of Appeals summarized the relevant facts and procedural history of Applicant's case:

> During an investigation to detect child pornography shared over the Internet, the police remotely searched a computer onto which at least two files depicting child pornography had been downloaded. Using that computer's Internet Protocol (IP) address, the police determined that the computer was located in Phipps' home. The police obtained and executed a search warrant of Phipps' home.
>
> Phipps was not home at the time of the search, but an officer spoke with him on the phone during the search and explained why his home was being searched. During that recorded phone call, Phipps admitted that he stored child pornography on his computer and that once the officer searched his computer, "his life was over." The police seized Phipps' computer, on which they found over thirty videos of children engaged in sexual acts.
>
> One of these videos depicted Phipps' stepdaughter when she was approximately eight or nine years old. She was mostly nude, and the video showed Phipps instructing her to use sex toys as well as Phipps using sex toys on her. In her police interview, Phipps' stepdaughter identified herself and Phipps in the video and stated that Phipps had sexually assaulted her numerous times.
>
> Phipps was charged with sexual assault on a child (position of trust – pattern of abuse) under sections 18-3-405.3(1), (2)(b), C.R.S. 2016; aggravated incest under section 18-6-302(1)(a), C.R.S. 2016; sexual exploitation of a child (inducement) under section 18-6-403(3)(a), C.R.S. 2016; and sexual exploitation of children (possession) under section 18-6-403(3)(b.5). The court found Phipps indigent and appointed counsel to represent him.

A plea agreement was negotiated and Phipps pleaded guilty to the sexual assault charge. In exchange, the district attorney dismissed the remaining charges and promised that the United States Attorney would not prosecute Phipps on child pornography charges.[2]

At the sentencing hearing, Phipps took responsibility for his crimes. He stated that he did not wish to put his family through a "horrific ordeal with a jury trial," and that his "remorse, regrets, shame, despair, sadness, and sorrow cannot be measured."

In his motion for postconviction relief, Phipps made numerous claims of ineffective assistance of counsel. The arguments Phipps renews on appeal are:

- His counsel failed to challenge the legality of the initial, remote search of Phipps' computer, which violated his Fourth Amendment rights.

- His counsel's decision to waive the preliminary hearing constituted deficient performance.

- His counsel's failure to request a bond reduction constituted deficient performance.

- His counsel's failure to investigate and challenge the prosecution's forensic computer evidence or hire an expert to do so constituted deficient performance.

- His counsel failed to advise him that, as a condition of his parole eligibility, he might be required to reveal past crimes, exposing him to additional criminal charges.

- His counsel failed to advise him that evidence of his crimes might be destroyed after he pleaded guilty.

_____

[2] A Colorado district attorney does not have the power to agree that the United States will not prosecute a defendant. Presumably, either Phipps' counsel or the Colorado district attorney negotiated an agreement not to prosecute with the United States Attorney, although that agreement is not contained in the record.

- His counsel failed to advise him that he might be ordered to pay restitution to his stepdaughter.

- His counsel misadvised him about the minimum amount of prison time he would serve before being eligible for parole.

- His counsel misled him with regard to whether he was pleading guilty to a crime of violence.

The district court did not hold a hearing, but concluded that the existing record demonstrated Phipps' claims failed one or both prongs of *Strickland*.

Docket No. 20-6 at 3-7.

On December 29, 2016, the Colorado Court of Appeals affirmed the trial court's order denying Applicant's claims for postconviction relief because his "allegations were bare and conclusory in nature, directly refuted by the record, and, even if proven true, would have failed to establish one of the prongs of the test prescribed in *Strickland v. Washington*, 466 U.S. 668 (1984)." *Id.* at 3, 25. The Colorado Supreme Court denied Applicant's petition for writ of certiorari on June 26, 2017. Docket No. 20-9 at 2.

On July 27, 2017, Applicant initiated this action. He asserts the following thirteen claims in the Application:

- Claim 1: "The petitioner was coerced and enticed into pleading guilty to a crime of violence in repugnance to his 'non-negotiable' stance to not pleading guilty to a 'crime of violence.'" Docket No. 14 at 5, 10-11.

- Claim 2: "The government violated the defendant's 4th Amend. Rights, and attendant rights in the Colo. Const. regarding the right to be free from unreasonable searches and seizures, and or, right to privacy. And his federal and state rights to due process and equal protection." *Id.* at 6, 11-15.

- Claim 3: "Law enforcement, and the People, in reckless disregard for the truth, lied on the warrant-less search report and the sworn affidavit in support of a search warrant violating the petitioner's 4th Amend.

4

rights in the U.S. Const. and attendant rights in the Colo. Const., and federal and state due process and equal protection." *Id.* at 6, 16-17.

- Claim 4: "Counsel failed to conduct independent investigation." *Id.* at 21-22.

- Claim 5: "The prosecutor destroyed evidence in this case, thereby suppressing it, not preserving it, and not presenting it for the defense to review the same original ESI evidence he did." *Id.* at 22-23.

- Claim 6: "Counsel was ineffective because he allowed the prosecutor to suppress ESI evidence, and did not compel them to provide the professional report of their 'botched' forensic examination." *Id.* at 23-24.

- Claim 7: "The district court, and or, the DA, and or, defense counsel conspired to falsify the sentencing transcripts by extracting substantial parts of the hearing of January 12, 2012." *Id.* at 24-25.

- Claim 8: "The petitioner claimed that the district court did redact, suppress and ignore the 140+ page post-conviction motion factually received by the court on May 14, 2014." *Id.* at 25-27.

- Claim 9: "The petitioner claimed that counsel's deliberately lied to him numerous times throughout the proceeding." *Id.* at 27-28.

- Claim 10: "The petitioner claimed he was not allowed to raise issues on appeal because of violations of his rights to federal and state due process and equal protection." *Id.* at 29.

- Claim 11: "The petitioner claimed 5th, 6th, and 14th Amend. violations in the U.S. Const. and accompanying rights in the Colo. Const. surrounding the sexual history review in the plea agreement." *Id.* at 29-30.

- Claim 12: "The petitioner claimed the prejudicial effect of his claims individually and cumulatively regarding IAC and prejudice under the 5th, 6th, and 14th Amend. Rights in the U.S. Const. And accompanying rights in the Colo. Const." *Id.* at 30.

- Claim 13: "The petitioner was erroneously advised that he would serve '60% or less' before being eligible for parole." *Id.*

Respondents concede that the Application is timely and that his IAC claims are

exhausted, but assert that certain claims are procedurally defaulted. *See* Docket No. 20 at 5, 13-21. Respondents contend that any state constitutional claims are not reviewable as a matter of law and that any due process and equal protection arguments asserted within Claims 2, 3, 5, 8, and 10 are defaulted. *Id.* at 13-14. In short, Respondents assert that Claims 1-7, 11, and 13 are exhausted and that Claims 8-10, and 12 are procedurally defaulted. *Id.* at 14.

## II.    ONE-YEAR LIMITATION PERIOD

Respondents concede that the Application is timely under the one-year limitation period, 28 U.S.C. § 2244(d)(1).

## III.    EXHAUSTION OF STATE REMEDIES

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be "properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

The "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Fair presentation does not require an applicant to cite "book and verse on the federal constitution." *Picard*, 404 U.S. at 278 (internal quotation marks omitted).

6

However, "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam) (citation omitted). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam). "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Id.*

"The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing he has exhausted all available state remedies for each particular claim. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). A blanket statement that state remedies have been exhausted does not satisfy this burden. *See Olson v. McKune*, 9 F.3d 95 (10th Cir. 1993); *see also Fuller v. Baird*, 306 F. App'x 430, 431 n.3 (10th Cir. 2009) (unpublished) (stating a bald assertion unsupported by court records is insufficient to demonstrate state remedies are exhausted).

**A. Claim 1**

In his first claim, Applicant asserts ineffective assistance of counsel because his attorney coerced Applicant's guilty plea by misleading him as to whether he was pleading guilty to a "crime of violence." Docket No. 14 at 5, 10-11. Respondents concede that this IAC claim is exhausted. Docket No. 20 at 14. The Court agrees and

finds that the IAC ground asserted in Claim 1 is exhausted because Applicant presented and the appellate court considered this claim in postconviction proceedings. *See* Docket No. 20-6 at 22-24.

To the extent Applicant seeks to assert an independent due process or equal protection claim, the Court finds that these claims are not exhausted. Applicant's brief reference to the Fourth, Fifth, and Fourteenth Amendments in the context of his IAC claim is insufficient to satisfy the "fair presentation" requirement. *See*, *e.g., Zuniga v. Falk,* 618 F. App'x 407, 411(10th Cir. 2015) (unpublished) (finding that although applicant's state brief cited the Fifth, Sixth, and Fourteenth Amendments at the "tail end of his state law argument," the "conclusory reference to a fair trial and the Constitution [are] insufficient to put the state court on notice that [applicant] was raising a federal constitutional claim") (citing *Thomas v. Gibson*, 218 F.3d 1213, 1221 n.6 (10th Cir. 2000)); *see also Gray v. Netherland,* 518 U.S. 152, 163 (1996) (stating that a general appeal to a broad constitutional guarantee such as due process does not satisfy the exhaustion requirement); *Cole v. Zavaras,* 349 F. App'x 328, 331 (10th Cir. 2009) (unpublished) (concluding that claims were not presented to the state courts as federal constitutional claims where applicant "state[d] in conclusory fashion that the alleged error violated his federal constitutional rights, but he cite[d] no federal case law to support those claims and d[id] little to connect the claim[s] with the rights he alleged were violated."); *Wilder v. Cockrell,* 274 F.3d 255, 260 (5th Cir. 2001) (holding that applicant's "fleeting reference" to due process under the Fifth and Fourteenth Amendments, "tacked onto the end of a lengthy, purely state-law evidentiary argument,"

failed to exhaust federal constitutional claim). "[T]o hold that vague references to such expansive concepts as due process and fair trial fairly present, and therefore exhaust, federal claims is to eviscerate the exhaustion requirement." *Wilder,* 274 F.3d at 260.

Moreover, Applicant's IAC claim based on the ground that "[c]ounsel failed to conduct a basic study of the law in order to provide accurate information to the petitioner" is analytically distinct from his argument that "the lower courts actions are a violation of his 'personal right' to 'a competent and intellectually honest judicial system,' and is a denial of his federal and state rights to due process and equal protection, and access to the courts." Docket No. 14 at 10-11. As such, Applicant did not fairly present to the state courts the federal due process, equal protection, and access to the courts claims now alleged in Claim 1. *See, e.g., Medicine Blanket v. Brill,* 425 F. App'x 751, 754 (10th Cir. 2011) (unpublished) (concluding that petitioner's exhaustion of ineffective assistance of counsel claim based on violation of due process rights did not exhaust due process claim where petitioner failed to present separate due process claim to state appellate court because the two claims are "analytically distinct"); *Gross v. Warden, Lebanon Corr. Inst.,* 426 F. App'x 349, 359 (6th Cir. 2011) (unpublished) (finding that "[w]hether the trial court erred is analytically distinct from the issue of whether there was ineffective assistance of counsel"); *Richardson v. Ploughe,* No. 12-cv-01828-BNB, 2012 WL 4668759, at *5 (D. Colo. Oct. 2, 2012) (unpublished) ("To exhaust the factual basis for an ineffective assistance of counsel claim as an independent constitutional violation, a habeas petitioner must raise the claim separately."). *See also Anderson,* 459 U.S. at

6 ("It is not enough that all the facts necessary to support the federal claim were before the state courts.").

In fact, the Colorado Court of Appeals construed Applicant's claim -- that counsel provided deficient advice as to whether Applicant was pleading guilty to a crime of violence -- solely as an IAC claim and denied the claim on the merits. *See* Docket No. 20-6 at 22-23. Therefore, the Court finds that Applicant has failed to satisfy his burden of demonstrating exhaustion of state court remedies as to any separate due process or equal protection claim.

As noted above, Respondents concede, and this Court agrees, that Applicant has exhausted Claim 1 to the extent he alleges that his counsel was ineffective in connection with his plea agreement and the "crime of violence" issue.

### B. Claim 2

In Claim 2, Applicant alleges ineffective assistance because his counsel did not investigate whether the search of his home and computer on March 22, 2011 violated his Fourth Amendment rights. Docket No. 14 at 6, 11-15. Respondents concede that this IAC claim is exhausted. Docket No. 20 at 15. As Applicant presented and the appellate court considered this IAC claim in postconviction proceedings, the Court agrees and finds that the IAC ground asserted in Claim 2 is exhausted. *See* Docket No. 20-6 at 10-15.

To the extent Applicant seeks to assert an independent search and seizure, due process, or equal protection claim, the Court finds that he has not satisfied the "fair presentation" requirement with a brief reference to the Fourth, Fifth, and Fourteenth

Amendments within his IAC claim. *See*, *e.g., Zuniga,* 618 F. App'x at 411; *Wilder,* 274 F.3d at 260. Moreover, Applicant's IAC claim is analytically distinct from his argument that "the warrant-less search and seizure was unreasonable" and that he did not "expressly, implicitly, knowingly, intelligently, or unequivocally authorize any intrusion of his private home." Docket No. 14 at 12. Exhaustion of an IAC claim does not exhaust the underlying illegal search and seizure claim. *See Kimmelman v. Morrison,* 477 U.S. 365, 374 (1986) (distinguishing between Fourth Amendment suppression claim and Sixth Amendment ineffective assistance claim based on failure to competently litigate Fourth Amendment issue, and stating that "[w]hile defense counsel's failure to make a timely suppression motion is the primary manifestation of incompetence and source of prejudice advanced by respondent, the two claims are nonetheless distinct, both in nature and in the requisite elements of proof"); *see also White v. Mitchell,* 431 F.3d 517, 525-526 (6th Cir. 2005) (finding claim that counsel was ineffective for failing to raise *Batson* challenge did not exhaust independent claim that prosecution improperly excluded women from jury under *Batson*); *Rose v. Palmateer,* 395 F.3d 1108, 1112 (9th Cir. 2005) (finding claim that counsel was ineffective for failing to seek suppression of confession did not exhaust claim that confession was involuntary).

Again, the Colorado Court of Appeals construed Applicant's claim that counsel failed to challenge the warrantless search of Applicant's computer as an IAC claim. *See* Docket No. 20-6 at 10-15. Therefore, the Court finds that Applicant fails to satisfy his burden of demonstrating that an illegal search and seizure, due process, or equal protection claim was exhausted.

As noted above, Respondents concede, and this Court agrees, that Applicant has exhausted Claim 2 to the extent he alleges that his counsel was ineffective in failing to raise a Fourth Amendment challenge.

## C. Claim 3

Applicant asserts in Claim 3 that his counsel was ineffective in failing to discover and prove that law enforcement and the government committed perjury in obtaining the search warrant affidavit filed subsequent to the initial warrantless search in violation of Applicant's constitutional rights. Docket No. 14 at 6, 16-17. Respondents concede that this IAC claim is exhausted. Docket No. 20 at 15-16. The Court agrees and finds that the IAC ground asserted in Claim 3 is exhausted because Applicant presented and the appellate court considered this IAC claim in postconviction proceedings. *See* Docket No. 20-6 at 10-15.

To the extent Applicant seeks to assert an independent search and seizure, due process, *Brady*, or equal protection claim, the Court finds that his brief reference to the First, Fourth, Fifth, and Fourteenth Amendments in the context of his IAC claim is insufficient. *See*, *e.g., Zuniga,* 618 F. App'x at 411; *Wilder,* 274 F.3d at 260. And for the same reasons set forth above in Claims 1 and 2, the IAC ground raised in Claim 3 is analytically distinct from Applicant's other constitutional arguments referenced in the claim, and is insufficient to establish exhaustion of state court remedies. *See, e.g., White,* 431 F.3d at 525–526 (finding claim that counsel was ineffective for failing to raise *Batson* challenge did not exhaust independent claim that prosecution improperly excluded women from jury under *Batson*); *Rose,* 395 F.3d at 1112 (finding claim that

12

counsel was ineffective for failing to seek suppression of confession did not exhaust claim that confession was involuntary).

The Colorado Court of Appeals construed Applicant's claim -- that counsel was deficient because he did not challenge the search warrant on grounds that the police and government committed perjury -- as an IAC claim and denied the claim on the merits. *See* Docket No. 20-6 at 15. The Court, therefore, finds that Applicant has not satisfied his burden of demonstrating exhaustion of state court remedies as to a due process, *Brady*, equal protection, or search and seizure claim.

As noted above, Respondents concede, and this Court agrees, that Applicant has exhausted Claim 3 to the extent he alleges that his counsel was ineffective in failing to challenge the search warrant.

### D. Claims 4, 5, and 6

In Claim 4, Applicant asserts that his attorney failed to investigate or hire an expert to evaluate the computer evidence against Applicant because the police "botched" their forensic investigation. Docket No. 14 at 21-22. Applicant further contends in Claim 5 that his counsel failed to ensure preservation of the forensic computer evidence, which the prosecutor destroyed. *Id.* at 22-23. Finally, in claim 6, Applicant argues that his counsel allowed the prosecutor to suppress the computer evidence, and did not provide Applicant with the report of the "botched" forensic investigation. *Id.* at 23-24. Respondents concede that these IAC claims are exhausted. Docket No. 20 at 16-17. As Applicant presented and the appellate court considered the IAC claims in postconviction proceedings, the Court agrees and finds that the IAC

grounds asserted in Claims, 4, 5, and 6 are exhausted. *See* Docket No. 20-6 at 17-18.

To the extent Applicant seeks to assert an independent violation of the Fourth, Fifth, or Fourteenth Amendments, he has not exhausted state court remedies by fairly presenting these claims as separate federal constitutional claims to the Colorado state courts. *See*, *e.g., Zuniga,* 618 F. App'x at 411; *Wilder,* 274 F.3d at 260; *White,* 431 F.3d at 525–526; *Rose,* 395 F.3d at 1112. As was the case in Applicant's first three claims, the Colorado Court of Appeals construed Applicant's claims that counsel was ineffective in connection with the computer evidence solely as an IAC claim. *See* Docket No. 20-6 at 17-18.

The Court agrees with Respondents that Applicant has exhausted Claims 4, 5, and 6 to the extent he alleges that his counsel was ineffective in failing to investigate the alleged deficiencies in connection with the forensic computer evidence against Applicant.

### E. Claim 7

Applicant asserts ineffective assistance in Claim 7 because his attorney, the trial court, and/or the district attorney conspired to falsify the sentencing transcripts by extracting substantial parts. Docket No. 14 at 24-25. Respondents concede that Claim 7 is exhausted. Docket No. 20 at 17. The Court agrees and finds that Claim 7 is exhausted because Applicant presented and the appellate court considered the claim in postconviction proceedings. *See* Docket No. 20-6 at 24-25.

### F. Claims 8 and 10

Claims 8 and 10 involve alleged state court errors that prevented

Applicant from "fully, fairly, and properly" raising all his claims in postconviction proceedings in violation of due process and equal protection. Applicant first asserts that the trial court "redact[ed], suppress[ed] and ignore[d] the 140+ page post-conviction motion factually received by the court on May 14, 2014." Docket No. 14 at 25-27. Applicant also alleges that the appellate court denied his motion to enlarge his brief and address the trial court's failure to review all of his claims, which prevented him from "rais[ing] issues on appeal." *Id.* at 29. Respondents argue that both claims were raised as abuse of discretion claims to the state courts, and the Colorado Court of Appeals addressed and rejected Applicant's arguments on state law grounds. Docket No. 20 at 18. As such, Respondents assert that Applicant did not exhaust Claims 8 and 10 as federal constitutional claims. *Id.*

Applicant's argument that he was denied due process in connection with the state courts' review of his postconviction claims is not a cognizable claim in this habeas corpus action because there is no federal constitutional right to postconviction review in the state courts. *See Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987). Thus, a claim of constitutional error that "focuses only on the State's post-conviction remedy and not the judgment which provides the basis for [the applicant's] incarceration . . . states no cognizable federal habeas claim." *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998); *see also Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993) (noting that petitioner's challenge to state "post‑conviction procedures on their face and as applied

to him would fail to state a federal constitutional claim cognizable in a federal habeas proceeding").

Even if the Court liberally construes Claims 8 and 10 as cognizable in this action, a careful review of the record indicates that Applicant did not alert the state appellate court that he was raising a federal constitutional violation. Indeed, Applicant did not even identify these challenges as separate claims for relief in his opening brief in support of his claims for postconviction relief. *See* Docket No. 20-2 at 12-14; Docket No. 20-3 at 14-15. And, most important, he did not cite any federal case law deciding Claims 8 and 10 on federal grounds so as to alert the state courts to the federal nature of the claims. *See Duncan,* 513 U.S. at 365-66 (holding that "fair presentation" requires prisoner to present claim in state court that surely alerts those courts to the fact that he or she is asserting a violation of the United States Constitution); *Bland v. Sirmons,* 459 F.3d 999, 1011 (10th Cir. 2006) (stating that the "substance" of the federal claim must be presented to the state courts in a way that alerts them to the federal law basis for the claim).

Here, the Colorado Court of Appeals considered Applicant's assertion that the trial court did not fully address his 140-page Rule 35(c) motion by finding that "the court had no obligation to review it, and indeed, could not" under state law because the pleading was filed by a person who was not a lawyer. Docket No. 20-6 at 24. The Colorado Court of Appeals further rejected Applicant's argument that he was prevented from properly asserting errors on appeal. *Id.* Accordingly, the Court finds that Applicant

fails to satisfy his burden of demonstrating that Claims 8 and 10 were exhausted by presenting the claims as federal constitutional claims in his state court proceedings.

### G. Claim 11

In Claim 11, Applicant asserts his counsel failed to inform him that the plea agreement included references to past sexual crimes that may be used for further prosecution in violation of his Fifth Amendment right against self-incrimination. Docket No. 14 at 29-30. Respondents concede that this IAC claim is exhausted. Docket No. 20 at 20. As Applicant presented and the appellate court considered this claim on appeal of his postconviction motion, the Court agrees and finds that Claim 11 is exhausted. *See* Docket No. 20-6 at 19.

### H. Claim 13

Applicant contends in Claim 13 that his counsel erroneously advised him that he would be eligible for parole after serving "60% or less" of his prison sentence. Docket No. 14 at 30. Respondents concede that this IAC claim is exhausted. Docket No. 20 at 21. The Court agrees and finds that Applicant presented and the state appellate court considered the IAC ground raised in Claim 13. Docket No. 20-6 at 21-22. As such, Claim 13 is exhausted.

### I. Claims 9 and 12

Finally, in Claim 9, Applicant asserts that his counsel "deliberately lied" to him throughout the proceedings, resulting in cumulative error. Docket No. 14 at 27-28. Applicant further alleges in Claim 12 that counsel's individual and cumulative errors prejudiced Applicant. *Id.* at 30. Respondents contend that

both claims were raised in Applicant's postconviction motion, but were not included in his opening brief to the Colorado Court of Appeals, and therefore, are not exhausted. Docket No. 20 at 19-20.

The Court has reviewed Applicant's opening brief to the appellate court and finds he asserted that his counsel's "acts and omissions were the result of either incompetence, neglect, mistake, affirmative misadvice, fraudulent concealment, and deliberate misrepresentation, or all," and that he "is entitled to an opportunity to establish that taken either separately or cumulatively, his prior attorney's performance prejudiced him." Docket No. 20-2 at 17-18. He also includes allegations that his attorneys deliberately lied to him and concealed material facts "of the consequences that would flow from the conviction if he pled guilty." *Id.* at 21-25. Further, in his petition for writ of certiorari, Applicant described the issue on appeal as: "The Court overlooked numerous factual claims and documented support of claims of mendacious conduct by counsel, and the harm and prejudice if true regarding the cumulative effect of these claims of IAC and prejudice." Docket No. 20-7 at 8.

The Court disagrees with Respondents' assertion of the exhaustion defense as to Claims 9 and 12 and finds that both cumulative error claims are exhausted to the extent that the underlying errors have been properly exhausted and are not procedurally defaulted. *See Ray v. Simmons*, F. App'x 943, 947 (10th Cir. 2005) (unpublished) ("The district court correctly noted that in a cumulative error analysis, a court may consider only actual errors in determining

whether the defendant's right to a fair trial was violated, and may not consider

claims that are procedurally defaulted).  Accordingly, Applicant has exhausted

Claims 9 and 12 to the extent he alleges cumulative error concerning the

exhausted IAC allegations in Claims 1-7, 11, and 13.

In summary, the Court has concluded that Applicant has exhausted the

IAC grounds in Claims 1-7, 9, 11-13, but has failed to demonstrate exhaustion of

state court remedies for Claims 8 and 10 and any non-IAC arguments within

Claims 1-7.  The Court, however, may not dismiss the unexhausted claims for

failure to exhaust if Applicant no longer has an adequate and effective state

remedy available to him.  Respondents contend that the claims are now

defaulted because they are barred by independent and adequate state-law

grounds.  Docket No. 20 at 14, 18.

## IV.    PROCEDURAL DEFAULT

Federal courts "do not review issues that have been defaulted in state court on

an independent and adequate state procedural ground, unless the default is excused

through a showing of cause and actual prejudice or a fundamental miscarriage of

justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998).  Even if an

unexhausted claim has not actually been raised and rejected by the state courts on a

procedural ground, the claim still is subject to an anticipatory procedural default if it is

clear that the claim would be rejected because of an independent and adequate state

procedural rule.  *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) (explaining

that if petitioner "failed to exhaust state remedies and the court to which the petitioner

would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . there is a procedural default . . ."); *Anderson v. Sirmons*, 476 F.3d 1131, 1139-40 n.7 (10th Cir. 2007) (applying anticipatory procedural bar).

"A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision." *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998). A state procedural ground is adequate if it is "applied evenhandedly in the vast majority of cases." *Id.* Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See Coleman*, 501 U.S. at 730.

As noted above, a claim that has been procedurally defaulted in the state courts on an independent and adequate state procedural ground is precluded from federal habeas review unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the federal law violation or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750; *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007). A petitioner's *pro se* status does not exempt him from demonstrating cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrating that failure to consider the claim will result in a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

To demonstrate cause for procedural default, a petitioner must show that some objective factor external to the defense impeded his ability to comply with the state's

procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [applicant]." *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted). Ineffective assistance of counsel may establish cause excusing a procedural default. *Jackson*, 143 F.3d at 1319. Nonetheless, habeas petitioners have no constitutional right to postconviction counsel in the first instance and inadequate performance by counsel does not normally excuse procedural default. *Coleman*, 501 U.S. at 752. To satisfy the second prong, a petitioner must demonstrate that he suffered "actual prejudice as a result of the alleged violation of federal law." *Id.* at 750.

A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496. A "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). A fundamental miscarriage of justice provides only "a narrow exception to the cause requirement where a constitutional violation has probably resulted in the conviction of one who is actually innocent of the substantive offense." *Dretke v. Haley*, 541 U.S. 386, 393 (2004) (citations and internal quotation marks omitted). To demonstrate a fundamental miscarriage of justice, a petitioner first must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not

presented at trial." *Schlup*, 513 U.S. at 324. A petitioner then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327.

The Court finds that Applicant no longer has an adequate and effective state remedy available for Claims 8 and 10 and any non-IAC arguments within Claims 1-7. With limited exceptions that are not applicable to these claims, the Colorado Rules of Criminal Procedure bar Applicant from raising a claim in a postconviction motion that could have been raised or was already raised on appeal. *See* Colo. R. Crim. P. 35(c)(3)(VI) ("The court shall deny any claim that was raised and resolved in a prior appeal or postconviction proceeding on behalf of the same defendant"); Colo. R. Crim. P. 35(c)(3)(VII) ("The court shall deny any claim that could have been presented in an appeal previously brought or postconviction proceeding previously brought"); *see also People v. Bastardo*, 646 P.2d 382, 383 (Colo. 1982) (stating that postconviction review is not available to address under a recently contrived constitutional theory issues that were raised previously).

Therefore, Applicant may not return to state court to pursue his unexhausted non-IAC claims. Moreover, Rule 35(c)(3)(VII) and (VIII) are independent of federal law and are applied regularly by the Colorado courts. *See*, *e.g.*, *People v. Valdez*, 178 P.3d 1269, 1275 (Colo. App. 2007); *People v. Vondra*, 240 P.3d 493, 494 (Colo. App. 2010); *see also Burton v. Zavaras*, 340 F. App'x 454, 455 (10th Cir. 2009) (unpublished); *Williams v. Broaddus*, 331 F. App'x 560, 563 (10th Cir. 2009) (unpublished); *Welch v.*

*Milyard*, 436 F. App'x 861, 865 (10th Cir. 2011) (unpublished).  Because Applicant could have, but did not, present Claims 8 and 10 or any of his non-IAC claims in Claims 1-7 as federal constitutional claims to the state courts in prior proceedings, the claims are procedurally defaulted.

Moreover, Applicant fails to present any argument to demonstrate cause and prejudice for his procedural default of these claims, or that a failure to consider the merits of the claims will result in a fundamental miscarriage of justice.  *See Coleman*, 501 U.S. at 752.  Therefore, Claims 8 and 10, and any non-IAC arguments asserted in Claims 1-7 will be dismissed as procedurally barred from federal habeas review.

## V. CONCLUSION

For the reasons stated herein, it is

**ORDERED** that "Petitioner's an Enlargement of Time of 30 Days to Reply to the Pre-Answer Response by the People of the State of Colorado" [Docket No. 23] is DENIED as moot.  It is further

**ORDERED** that "Petitioner's Motion to Supplement His Reply to the People of the State of Colorado Pre-Answer Response" [Docket No. 25] is GRANTED.  It is further

**ORDERED** that Claims 8 and 10 are DISMISSED WITH PREJUDICE as not cognizable on federal habeas review or, in the alternative, as procedurally defaulted.  It is further

**ORDERED** that any non-IAC arguments asserted in Claims 1-7 are DISMISSED WITH PREJUDICE as anticipatorily defaulted.  It is further

**ORDERED** that within thirty days from the date of this order, Respondents shall file an answer that fully addresses the merits of Applicant's properly exhausted claims, including the IAC grounds in Claims 1-7, 9, 11-13 and conforms to the requirements of Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. It is further

**ORDERED** that within thirty days from the date Respondents file an answer, Applicant may file a reply if he desires. It is further

**ORDERED** that, within thirty days from the date of this Order, Respondents shall file with the Clerk of the Court, in electronic format if available, a copy of the complete record of Applicants state court proceedings in Case No. 11CR961 in the Jefferson County District Court in Golden, Colorado, including all documents in the state court file and transcripts of all proceedings conducted in the state court, including physical evidence that is relevant to the asserted claims. It is further

**ORDERED** that the Clerk of the Court is directed to send copies of this Order to the following:

(1)     Clerk of the Court
        Jefferson County District Court
        100 Jefferson County Parkway
        Golden, Colorado 80419; and

(2)     Office of the State Court Administrator
        CPR Unit Manager
        1300 Broadway
        Suite 1200
        Denver, CO 80203

DATED February 26, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge